United States District Court
Southern District of Texas
**ENTERED**
January 27, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| PAUL STURGEON, TDCJ #1948651, § § Petitioner, § § v. § § LORIE DAVIS, Director, § Texas Department of Criminal § Justice, Correctional § Institutions Division, § § Respondent. § | CIVIL ACTION NO. H-17-0169 |

### MEMORANDUM OPINION AND ORDER

The petitioner, Paul Sturgeon (TDCJ #1948651), has filed a handwritten Petition for Federal Writ of Habeas Corpus [and] Brief in Support ("Petition") (Docket Entry No. 1) seeking relief under 28 U.S.C. § 2254 from a state court judgment of conviction. After considering the pleadings, Sturgeon's litigation history, and the applicable law, the court will dismiss this action for the reasons explained below.

### I. Background

Sturgeon challenges his conviction for felony theft in Harris County cause number 1280723.[1] On June 23, 2011, the 248th District Court of Harris County, Texas, sentenced Sturgeon to serve a nine-year prison sentence.[2] The conviction was affirmed on

---

[1]Petition, Docket Entry No. 1, p. 1.

[2]Id. at 1-2.

direct appeal in an unpublished opinion.  See Sturgeon v. State, No. 01-11-00575-CR, 2013 WL 816377 (Tex. App. — Houston [1st Dist.] March 5, 2013, pet. ref'd).

On January 3, 2017, Sturgeon executed the pending Petition, arguing that he is entitled to federal habeas corpus relief from his conviction in cause number 1280723.[3]  In particular, Sturgeon contends that he is "actually innocent" because (1) he was denied effective assistance of counsel and (2) the trial court was biased against him.[4]

Court records confirm that Sturgeon has filed a previous federal habeas corpus petition challenging the same conviction in cause number 1280723.  See Sturgeon v. Stephens, Civil No. H-15-2628 (S.D. Tex.).  The district court denied Sturgeon's petition with prejudice after considering the merits of his claim that he was actually innocent because his indictment was defective.  See id. (Docket Entry Nos. 26, 28).  Sturgeon has filed a notice of appeal, which remains pending before the Fifth Circuit.[5]

## II. Discussion

This case is governed by the Anti-Terrorism and Effective Death Penalty Act (the "AEDPA"), codified as amended at 28 U.S.C.

---

[3] Id. at 27.

[4] Id. at 4, 11.

[5] See Sturgeon v. Stephens, No. 16-20284.

§ 2244(b), which imposes restrictions on the filing of "second or successive" applications for habeas relief. Before a second or successive application permitted by this section may be filed in the district court the applicant must move in the appropriate court of appeals for an order authorizing the district court to consider the application. See 28 U.S.C. § 2244(b)(3)(A). To the extent that the pending Petition qualifies as a successive writ, the court has no jurisdiction to consider it absent prior authorization from the Fifth Circuit.

The Fifth Circuit has recognized that "a prisoner's application is not second or successive simply because it follows an earlier federal petition." In re Cain, 137 F.3d 234, 235 (5th Cir. 1998). A subsequent application is "second or successive" when it (1) "raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition" or (2) "otherwise constitutes an abuse of the writ." Id.; see also United States v. Orozco-Ramirez, 211 F.3d 862, 867 (5th Cir. 2000). Because Sturgeon's claims could have been raised in his earlier habeas proceeding, the pending Petition meets the second-or-successive criteria.

The issue of whether a habeas corpus petition is successive may be raised by the district court sua sponte. See Rodriguez v. Johnson, 104 F.3d 694, 697 (5th Cir. 1997). Because the pending Petition is successive, Sturgeon is required to seek authorization

from the Fifth Circuit before this court can consider it. See 28 U.S.C. § 2244(b)(3)(A). "Indeed, the purpose of [28 U.S.C. § 2244(b)] was to eliminate the need for the district courts to repeatedly consider challenges to the same conviction unless an appellate panel first found that those challenges had some merit." United States v. Key, 205 F.3d 773, 774 (5th Cir. 2000) (citing In re Cain, 137 F.3d 234, 235 (5th Cir. 1998)). Sturgeon has not presented the requisite authorization. Absent such authorization this court lacks jurisdiction over the Petition. Id. at 775. Accordingly, the Petition will be dismissed as an unauthorized successive writ.

### III. Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases now requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "'that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" Tennard v. Dretke, 124 S. Ct. 2562, 2565 (2004) (quoting Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000)). Under the controlling standard this requires a petitioner to show "that

reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El v. Cockrell, 123 S. Ct. 1029, 1039 (2003). Where denial of relief is based on procedural grounds the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." Slack, 120 S. Ct. at 1604.

A district court may deny a certificate of appealability, sua sponte, without requiring further briefing or argument. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000). For the reasons set forth above, this court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct or whether the Petition in this case qualifies as a second or successive application. Therefore, a certificate of appealability will not issue.

### IV. Conclusion and Order

Based on the foregoing, the court **ORDERS** as follows:

1. The Petition for Federal Writ of Habeas Corpus filed by Paul Sturgeon (Docket Entry No. 1) is **DISMISSED without prejudice** for lack of jurisdiction as an unauthorized successive application.

2. A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this Memorandum Opinion and Order to the petitioner.

**SIGNED** at Houston, Texas, on this 27th day of January, 2017.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE